UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ADAM CAMERON** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | Civil Action No. ___5:22-cv-01164___ |
| | § | |
| **FORTERRA PIPE & PRECAST LLC** | § | |
| | § | |
| *Defendant.* | § | |

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1441, *et seq.*, Defendant Forterra Pipe & Precast LLC ("Defendant" or "Forterra") submits this Notice of Removal ("Notice") to remove this civil action from the Bexar County, Texas 255th District Court to the United States District Court for the Western District of Texas, San Antonio Division.  In support thereof, the Defendant states as follows:

**I.**

**RELEVANT FACTS**

1.      On September 19, 2022, Adam Cameron ("Plaintiff" or "Cameron") filed his Original Petition against Defendant in the Bexar County, Texas 255th District Court bearing Cause No. 2022CI18326.  *See* Pl.'s Orig. Pet.

2.      Plaintiff asserts claims for alleged employment discrimination, failure to accommodate, and retaliation in violation of Chapter 21 of the Texas Labor Code.

3.      Plaintiff served Defendant with the Original Petition on September 28, 2022.

4.      Defendant filed its Answer to the Original Petition on October 24, 2022.  *See* Defendant's Answer. The thirty-day period within which this action may be removed extends through October 28, 2022.  The removal period has not yet expired.

## II.

### BASIS FOR REMOVAL – DIVERSITY OF C1ITIZENSHIP

5.      This action is removable to the United States District Court under 28 U.S.C. §§1332 and 1441(b) based on diversity jurisdiction.  This Court possesses original subject matter jurisdiction based upon diversity jurisdiction because, as explained below, this action is between citizens of different states and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a).

6.      This Notice is timely filed within thirty (30) days of Plaintiff serving his Original Petition on September 28, 2022, the first pleading from which Defendant could ascertain that the claims asserted in this matter were removable. 28 U.S.C. §1446(b).

7.      Complete diversity of parties exists where the Plaintiff and Defendant are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1). Here, there is complete diversity between Plaintiff and Defendant.  Plaintiff is a resident of the state of Texas. (Petition at ¶ 1).  Defendant is a incorporated in the State of Delaware.  Defendant's principal place of business is in Atlanta, Georgia.

8.      The amount in controversy exceeds $75,000.  Plaintiff indicates in his Petition that he seeks "damages of more [sic] $250,000.00 but less than $1,000.000.00."  (Petition at ¶ 22). These facts are sufficient to sustain this removal as it is "facially apparent" that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.  *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

9.      Venue in the Western District of Texas is proper under 28 U.S.C. §1441(a) because the state court where the action is pending is located in this district.

10.     By virtue of this Notice, Defendant does not waive its right to assert any claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil Procedure.

11.     No admission of fact, law, or liability is intended by the Notice, and Defendant expressly reserves all defenses and affirmative defenses.

12.     There are no other defendants from whom consent to remove is required.

13.     This Notice is signed pursuant to Federal Rule of Civil Procedure 11.

14.     This Notice is accompanied by copies of the following:

    a.      All executed process in the case *(Exhibit A);*

    b.      Pleadings ascertaining causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings (*Exhibit B*);

    c.      All orders signed by the state judge *(Exhibit C);*[1]

    d.      A copy of the docket sheet in the state court action (*Exhibit D*);

    e.      An index of matters being filed (*Exhibit E*); and

    f.      A list of all counsel of record, including addresses, telephone numbers, and parties represented (*Exhibit F*).

15.     Pursuant to 28 U.S.C. §1446(d), Defendant shall provide written notice of the filing of this Notice to all adverse parties, and a copy of this Notice is also being filed with the Clerk of the State Court in which this case was originally filed.

---

[1] There are no orders signed by the state judge. Defendant inserts a cover page for completeness.

### III.

### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant accordingly prays that this Court deem this Notice to be good and sufficient, and that the Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with law.

Respectfully submitted this the 25th day of October, 2022.

Respectfully submitted,

*/s/ Lariza Hebert*
**JOSEPH W. GAGNON**
Texas Bar No. 00787507
**LARIZA HEBERT**
Texas Bar No. 24098287
**FISHER & PHILLIPS, LLP**
910 Louisiana, Suite 4000
Houston, Texas 77002
Hebert Direct: 713-292-5603
Email: jgagnon@fisherphillips.com
Email: lhebert@fisherphillips.com

**ATTORNEYS FOR DEFENDANT,
FORTERRA PIPE & PRECAST LLC**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on this 25th day of October 2022, the foregoing *Notice of Removal* was electronically filed with the Clerk of Court using the CM/ECF system, and was served on counsel for Plaintiff via email, facsimile, or certified mail, return receipt requested, addressed as follows:

> Michael V. Galo, Jr.
> Galo Law Firm, P.C.
> 4230 Gardendale, Bldg 401
> San Antonio, Texas 78229
> mgalo@galolaw.com

*/s/ Lariza Hebert*

**LARIZA HEBERT**