# EXHIBIT B

FILED
9/19/2022 2:06 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jason Pastrano
Bexar County - 225th District Court

## 2022CI18326

### CAUSE NO.

| | | |
|---|---|---|
| **ADAM CAMERON,** | § | |
| | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **____ JUDICIAL DISTRICT** |
| **FORTERRA PIPE & PRECAST LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | **BEXAR COUNTY, TEXAS** |

---

### PLAINTIFF ADAM CAMERON'S ORIGINAL PETITION AND JURY DEMAND

---

Plaintiff Adam Cameron was employed by Defendant Forterra Pipe & Precast, LLC (hereinafter "the Company"). This is an action for disability discrimination and failure to provide reasonable accommodation under the Texas Commission on Human Rights Act as amended (TCHRA).

### Parties

1.      Plaintiff Adam Cameron is a natural person, and is a citizen and resident of the State of Texas. He may be served with papers in this case through the undersigned counsel.

2.      Defendant Forterra Pipe & Precast, LLC is a corporation organized under the laws of the State of Texas. It may be served with process through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

1

Copy from re:SearchTX

**Discovery Level**

3.      Plaintiff desires to prosecute this case as a Discovery Level 3 case pursuant to Texas Rule of Civil Procedure 190.4

**Jurisdiction and Venue**

4.      The Court possessed subject matter jurisdiction over this case because Plaintiff's claims are within the jurisdictional limits of the Court. The Court possesses personal jurisdiction over Defendant because Defendant constantly conducts business in Texas and maintains offices in Texas. Venue is proper in Bexar because all of the events giving rise to Plaintiff's claims occurred in Bexar County.

**Factual Background**

5.      Plaintiff Adam Cameron commenced employment with Defendant Forterra Pipe & Precast, LLC on or about October 25, 2020. Although Plaintiff was technically employed by a staff agency, he worked exclusively at and for Defendant. It was Defendant that assigned Plaintiff work and directly supervised the details of his work. As such, Plaintiff was jointly employed by Defendant.

6.      Plaintiff was making $15.00 an hour with no specific job position until the following month, when he was given the position "Pipe Inspector", along with a two dollar raise.

7.      On January 25, 2021, Plaintiff woke up at his normal hour, 3:00 am, to get ready for work. As he was getting ready, Plaintiff began to feel dizzy and felt his head spinning. His legs felt weak, and he collapsed. Plaintiff was taken to the emergency room at a local hospital. Plaintiff sent a text message to Daniel Ramos, his immediate supervisor, to let him know that he collapsed and was on the way to the hospital. While at the hospital, Plaintiff received a text message from his partner's brother, Alex, who is an outside supervisor. Plaintiff informed Alex he was not at

2

Copy from re:SearchTX

work because he was at the hospital. Plaintiff also informed Alex that he tried to reach out to Daniel but did not receive a response. Plaintiff was informed by Alex that Daniel doesn't normally respond. At around 10:14 am, Plaintiff was diagnosed with Vertigo and was prescribed Mesalamine. Plaintiff was given a doctor's excuse that cleared him to return to work on January 27, 2021. Once Plaintiff arrived home, he took the medication which caused him to sleep for eight hours.

8.      On January 26, 2021, Plaintiff decided to go back to the ER and let them know that he would not be able to function with the medication if it continues to make him feel drowsy. As Consequently, Plaintiff was given a different prescription along with another doctor's note with a return to work date of January 29, 2021.

9.      Because Plaintiff never heard back from Daniel, he had his partner take him to work so he could speak with someone in person. Plaintiff went to Jason Caldwell's office. Caldwell is Daniel's boss. Plaintiff explained to Caldwell that he was not able to reach Daniel, and he had been in the hospital due to Vertigo.  Plaintiff provided Caldwell with all of his doctor's notes and prescriptions. Caldwell informed Plaintiff that he is well aware of what Vertigo is and told Plaintiff to keep him in the loop.

10.     On January 27, 2021, Plaintiff called Daniel again but could not get through to him. Plaintiff left Daniel a voicemail letting him know that his return to work date was January 29, 2021. Shortly thereafter, Plaintiff called Caldwell, but Daniel did not answer either. Later in the afternoon, Plaintiff called Caldwell again to let him know that he still could not reach Daniel. Caldwell informed Plaintiff that it was not a problem and to keep him updated.

3

Copy from re:SearchTX

9.     On January 28, 2021, Plaintiff went back to the ER because he was feeling loopy. The doctor changed his medication to a scopolamine patch and changed his return-to-work date to January 31, 2021.

10.     On January 29, 2021, Plaintiff felt the new medication was working very well so he decided to call Caldwell and let him know. Plaintiff informed Caldwell that the medication seemed to be working great, and he was comfortable returning to full duty work on January 31, 2021 (or sooner if Caldwell needed him). Caldwell instructed Plaintiff to take the weekend off and return to work on Monday February 1, 2021 at 5:00 a.m.

11.     On February 1, 2021, Plaintiff arrived at work at 4:40 a.m. and went to Daniel to give him all of his doctor's notes and prescriptions. Daniel said, "You need to leave, you were fired on January 27, 2021, for a no call no show. Jason signed off on it." Plaintiff responded, "That does not make sense because I talked to Jason the day before and throughout the week. If I was fired on January 27, then why would he tell me to come in today?" Daniel replied, "I don't know, but you are not allowed to be on the property." Plaintiff let Daniel know that this did not sound right and he would be seeking legal counsel. Daniel began to get jittery and told him to wait for Caldwell and if Caldwell said Plaintiff could stay, then he would be allowed to work.

12.     Plaintiff waited in his vehicle for Caldwell to come to the office. As soon as Caldwell arrived, Plaintiff let him know that Daniel stated he was terminated. Plaintiff further stated, "How is that possible when I came to talk to you? I might need to seek legal counsel if this is the way you want to play it." Jason became upset and stated that Texas is an at-will state and he will discuss it with Daniel. A few moments later, Caldwell came back and stated that they were letting him (Plaintiff) go because he does not feel comfortable with Plaintiff going back to work given that he mentioned seeking legal counsel.

4

Copy from re:SearchTX

**First Cause of Action:  Disability Discrimination
and Failure to Provide Reasonable Accommodation
in Violation of the TCHRA**

13.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 12 supra. Defendant is an employer within the meaning of the TCHRA in that in each year relevant to this lawsuit, it has employed more than 15 employees in 20 or more calendar weeks.  Likewise, Plaintiff was an employee of Defendant within the meaning of the TCHRA.  Although Plaintiff was directly employed by a staffing agency, he was jointly employed by Defendant because he was assigned to work directly for Defendant, and it was Defendant that controlled all of the details of Plaintiff's work.  It was Defendant that set Plaintiff's hours, directed the details of his work, and controlled Plaintiff's day-to-day work activities.

14.     Plaintiff alleges that he suffered from a disability (vertigo) within the meaning of the TCHRA, or in the alternative, Defendant regarded Plaintiff as having a physical or mental impairment.  Defendant has admitted to the EEOC that it was aware that Plaintiff suffered from vertigo.

15.     Plaintiff sought reasonable accommodation in the form of limited time off from work to seek treatment for his vertigo.  While absent, Plaintiff maintained regular contact with Defendant's management.  However, when Plaintiff attempted to return to work after being released by his medical provider, Plaintiff was discharged from employment.  By discharging Plaintiff under the circumstances, Defendant discriminated against Plaintiff because of his disability, or in the alternative, because it regarded Plaintiff as having an impairment.  And by refusing to return Plaintiff to duty, Defendant effectively denied Plaintiff reasonable accommodation.

5

Copy from re:SearchTX

16.     As a result of Defendant's disability discrimination that resulted in Plaintiff's discharge from employment, Plaintiff has suffered damages for which he now sues. These include lost wages and benefits, emotional distress, mental anguish, humiliation, embarrassment, and loss of enjoyment of life. Because Defendant acted with malice, or at least with reckless indifference towards Plaintiff's legally-protected rights, Plaintiff is entitled to an award of exemplary damages. Finally, because Plaintiff has had to retain legal counsel to vindicate his rights, he is entitled to an award of attorney fees.

## Second Cause of Action: Retaliation in Violation of the TCHRA

17.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 12 supra.

18.     Pleading in addition, or in the alternative, Plaintiff asserts a claim for retaliatory discharge under the TCHRA. Plaintiff engaged in activities protected by the TCHRA when he sought reasonable accommodation for his vertigo, and when he informed management on the day of his termination that he was going to seek legal representation regarding Defendant's apparent refusal to reinstate him to work. Plaintiff alleges that Defendant discharged him from employment in retaliation for his protected activities.

19.     As a result of this illegal discharge from employment, Plaintiff has suffered damages for which he now sues. These include lost wages and benefits, emotional distress, mental anguish, humiliation, embarrassment, and loss of enjoyment of life. Because Defendant acted with malice, or at least with reckless indifference towards Plaintiff's legally-protected rights, Plaintiff is entitled to an award of exemplary damages. Finally, because Plaintiff has had to retain legal counsel to vindicate his rights, he is entitled to an award of attorney fees.

Copy from re:SearchTX

**Exhaustion of Administrative Remedies**

20.     Plaintiff has exhausted his administrative remedies by dual-filing a charge of discrimination with the EEOC and TWC-CRD within 180 days of his discharge from employment. Additionally, Plaintiff files this lawsuit within two years of the date he filed his Charge and within 90 days of his receipt of his Right to Sue letter from the EEOC.

**Jury Demand**

21.     Plaintiff demands a trial by jury.

**Statement Regarding Damages**

22.     Pursuant to Texas Rule of Civil Procedure 47, Plaintiff avers that he seeks monetary damages of more $250,000.00 but less than $1,000,000.00.

**Conclusion and Prayer**

20.     Plaintiff prays that upon final judgment he be awarded the following:

a.   Lost wages and benefits in the past and in the future;

b.     Compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, damage to reputation; and loss of enjoyment of life;

c.   Exemplary damages;

d.   Attorney fees;

e.   Costs of court;

f.   Pre- and post-judgment interest; and

g.   All other relief to which Plaintiff is entitled.

7

Copy from re:SearchTX

Respectfully submitted,


_/s/Michael V. Galo, Jr._
Michael V. Galo, Jr.
State Bar No. 00790734
Federal Bar No. 19048
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile:  210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
ADAM CAMERON

8

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Blanca Galo on behalf of Michael Galo
Bar No. 790734
bgalo@galolaw.com
Envelope ID: 68284849
Status as of 9/19/2022 2:19 PM CST
Associated Case Party: Adam Cameron

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Galo | | mgalo@galolaw.com | 9/19/2022 2:06:20 PM | SENT |
| Lluvia Bautista | | lbautista@galolaw.com | 9/19/2022 2:06:20 PM | SENT |
| Karena Rivera | | krivera@galolaw.com | 9/19/2022 2:06:20 PM | SENT |

Copy from re:SearchTX

FILED
10/24/2022 8:27 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Gabrielle Martinez
Bexar County - 225th District Court

## CAUSE NO. 2022CI18326

| | | |
|---|---|---|
| **ADAM CAMERON** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **255TH JUDICIAL DISTRICT** |
| | § | |
| **FORTERRA PIPE & PRECAST LLC** | § | |
| | § | |
| *Defendant.* | § | **BEXAR COUNTY, TEXAS** |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

**COMES NOW**, Forterra Pipe & Precast LLC, Defendant in the above-styled and numbered cause, and files this Original Answer to Plaintiff Adam Cameron's Original Petition and Jury Demand ("Petition"), and in support thereof, would show the Court the following:

### GENERAL DENIAL

Defendant asserts a general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure. Defendant respectfully requests that Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the credible evidence, as is required by the Constitution, statutes, and laws of the State of Texas.

### AFFIRMATIVE AND OTHER DEFENSES

Without limiting its general denial, and reserving its right to plead further applicable defenses, Defendant asserts the following additional defenses, each offered in the alternative and to the extent applicable:

1.      The Petition, in whole or in part, fails to state a claim upon which relief can be granted.

2.      The acts or omissions of Plaintiff's employer were taken in good faith and in reasonable belief that such acts or omissions were in compliance with applicable laws, thereby precluding any and all claims for punitive or exemplary damages.

3.      Plaintiff's claims are barred to the extent they exceed the scope of the charge of discrimination, to the extent this lawsuit was filed outside of applicable limitations periods, and to the extent that Plaintiff has failed to exhaust his administrative remedies.

4.      All damages alleged by Plaintiff, whether compensatory, punitive, exemplary, actual, attorneys' fees or otherwise, are subject to all applicable statutory, constitutional, and common-law exclusions, caps, and limitations, including without limitation, all applicable provisions of the Texas Labor Code.

Defendant reserves the right to amend or supplement any affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in the case.

### CONCLUSION AND PRAYER

WHEREFORE, Defendant respectfully request that this Court find Plaintiff's allegations in the Petition to be without merit, that the Petition be dismissed in its entirety with prejudice, that judgment be entered in Defendant's favor and against Plaintiff, and that this Court award Defendant its costs, reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

[*Signature Line on Next Page*]

Respectfully submitted,

/s/ Lariza Hebert

**JOSEPH W. GAGNON**
Texas Bar No. 00787507
**LARIZA HEBERT**
Texas Bar No. 24098287
**FISHER & PHILLIPS, LLP**
910 Louisiana, Suite 4000
Houston, Texas 77002
713-292-5603
Email: jgagnon@fisherphillips.com
Email: lhebert@fisherphillips.com

**ATTORNEYS FOR DEFENDANT,
FORTERRA PIPE & PRECAST LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2022, a true and correct copy of *Defendant's Original Answer* was filed with the Bexar County District Clerk's Office, utilizing the EfileTexas.gov filing system, and served via the Court's e-filing system upon all counsel of record as listed below:

> Michael V. Galo, Jr.
> Galo Law Firm, P.C.
> 4230 Gardendale, Bldg 401
> San Antonio, Texas 78229
> mgalo@galolaw.com

/s/ Lariza Hebert

**LARIZA HEBERT**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michelle Bennett on behalf of Lariza Hebert
Bar No. 24098287
mbennett@fisherphillips.com
Envelope ID: 69483902
Status as of 10/24/2022 10:18 AM CST

Associated Case Party: Adam Cameron

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Galo | | mgalo@galolaw.com | 10/24/2022 8:27:48 AM | SENT |
| Lluvia Bautista | | lbautista@galolaw.com | 10/24/2022 8:27:48 AM | SENT |
| Karena Rivera | | krivera@galolaw.com | 10/24/2022 8:27:48 AM | SENT |

Associated Case Party: Forterra Pipe & Precast LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michelle Bennett | | mbennett@fisherphillips.com | 10/24/2022 8:27:48 AM | SENT |
| Joseph W.Gagnon | | jgagnon@fisherphillips.com | 10/24/2022 8:27:48 AM | SENT |
| Lariza Hebert | | lhebert@fisherphillips.com | 10/24/2022 8:27:48 AM | SENT |